```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CHARLES MARTIN,                         :
                Plaintiff,              :     10 Civ. 2214 (DLC)
                                        :
           -v-                          :     OPINION & ORDER
                                        :
CREATIVE MANAGEMENT GROUP, INC., CMG    :
HOLDINGS, INC., ALAN MORELL, MICHAEL    :
VANDETTY, and JIM ENNIS,                :
                                        :
                Defendants.             :
                                        :
----------------------------------------X
```

APPEARANCES:

For Plaintiff:
Jon D. Jekielek
Meyerowitz Jekielek PLLC
295 Madison Avenue, 22nd Floor
New York, NY 10017

For Defendants:
Steven M. Rosen
Law Offices of Steven M. Rosen
5601 Biscayne Blvd.
Miami, FL 33137

DENISE COTE, District Judge:

Plaintiff Charles Martin ("plaintiff") has filed suit alleging breach of his employment contract with defendant Creative Management Group, Inc. ("CMG"). CMG, along with co-defendants CMG Holdings, Inc. ("CMG Holdings"), Alan Morell ("Morell"), Michael Vandetty ("Vandetty") and Jim Ennis (collectively, the "defendants") move to dismiss the complaint for improper venue or, alternatively, to transfer this case to

the Southern District of Florida.  For the reasons stated below, the motion to dismiss is granted.

## BACKGROUND

The defendants are involved in the business of talent and event management.  On or around October 1, 2006, the plaintiff entered into a two-year employment contract with CMG (the "Agreement").  Plaintiff alleges that, both before and after the execution of the Agreement, Morell and Vandetty made numerous oral misrepresentations regarding plaintiff's job responsibilities and compensation.  Plaintiff further alleges that defendants wrongfully ended their relationship with the plaintiff, breached the Agreement by failing to pay the plaintiff, and have improperly squeezed the plaintiff out of a valuable ownership interest in CMG and CMG Holdings.

On March 15, 2010 the plaintiff filed a complaint (the "Complaint") in New York seeking compensatory and punitive damages for breach of contract, promissory estoppel, unjust enrichment, fraudulent inducement, violations of New York labor laws, and conversion.  On April 30, defendants moved to dismiss the Complaint for improper venue, and, alternatively, to transfer the case to Florida.  Plaintiff filed his opposition on May 21, and the defendants filed a reply on May 27.

DISCUSSION

Defendants move to dismiss the Complaint on the basis that the Agreement upon which plaintiff sues contains a mandatory forum selection clause.  The Agreement specifies that "the Courts of the State of Florida shall have exclusive jurisdiction over the parties and subject matter of this agreement and that venue of any proceeding to enforce or interpret this agreement shall lie with the County, Circuit or other courts of Miami-Dade County, Florida."

"[W]here parties contract to a so-called mandatory forum selection clause, in which they agree in advance on a forum that is exclusive of all others, the choice of forum is accorded [a] presumption of enforceability."  Aguas Lenders Recovery Grp. LLC v. Suez, S.A., 585 F.3d 696, 700 (2d Cir. 2009).

> In general, to obtain dismissal based on a forum selection clause the party seeking enforcement of the clause must demonstrate that: (1) the clause was reasonably communicated to the party resisting enforcement; (2) the clause was mandatory and not merely permissive; and (3) the claims and parties involved in the suit are subject to the forum selection clause.

Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., 572 F.3d 86, 89 (2d Cir. 2009).  "After the party seeking enforcement has established these three conditions, the burden shifts to the party resisting enforcement to rebut the presumption of enforceability by making a

3

sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. (citation omitted).

The defendants have carried their burden as to the first three prongs. First, the defendants have demonstrated that the forum selection clause was reasonably communicated to the plaintiff. The plaintiff admits that he "fully negotiated" and executed the Agreement himself in New York. The forum selection clause was located on the signature page, in the same size type as the rest of the Agreement. These facts reflect notice well beyond that required by established precedent. Cf. Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 10-11 (2d Cir. 1995) (finding reasonable notice where the "fine print" forum selection clause was printed on a nonnegotiable cruise line ticket). Plaintiff's argument that he "was not represented by an attorney in the negotiation or drafting" of the Agreement and "had no idea what the venue provision would have meant" if a dispute arose does not demonstrate that the forum selection clause was not communicated to him. Moreover, "a person who signs a written contract is bound by its terms regardless of his or her failure to read and understand its terms." Consol. Edison Co. of N.Y., Inc. v. United States, 221 F.3d 364, 371 (2d Cir. 2000) (citation omitted).

It is also clear that the Agreement's forum selection clause is mandatory and not permissive.  "A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language."  <u>Phillips v. Audio Active Ltd.</u>, 494 F.3d 378, 386 (2d Cir. 2007).  The Agreement unambiguously states that "the State of Florida <u>shall</u> have <u>exclusive</u> jurisdiction" and "that venue of any proceeding to enforce or interpret this agreement <u>shall</u> lie with the County, Circuit or other courts of Miami-Dade County, Florida" (emphasis added).

Finally, the claims and parties involved in this suit are subject to the forum selection clause.  "[W]hen ascertaining the applicability of a contractual provision to particular claims, we examine the substance of those claims, shorn of their labels."  <u>Id.</u> at 388.  Each of plaintiff's claims -- breach of contract, promissory estoppel, unjust enrichment, fraudulent inducement, New York labor law violations, and conversion -- arises from the plaintiff's relationship with the defendants, as governed by the Agreement.  Thus, all of plaintiff's claims are fairly classified as part of the "subject matter" of the Agreement and, therefore, are subject to the forum selection clause.[1]

---

[1] Plaintiff does not oppose defendants' motion on the basis that not all defendants were signatories to the Agreement.

Because all three initial conditions are satisfied, the forum selection clause is presumptively enforceable, and shall be given effect "unless (1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum state; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." Id. at 392.  Here, as in Phillips, the plaintiff "does not contend that the first three circumstances are present."  Id. His argument, under the fourth factor, is that few, if any, of his witnesses or documents are located in Florida, rendering litigation in that state impossible.

Plaintiff's argument fails because he has shown only that litigation in Florida "may be more costly or difficult, but not that it is impossible."  Id. at 393.  The plaintiff has not alleged any circumstances "that would prevent him" from bringing suit in Florida.  Id.; see also Effron, 67 F.3d at 10-11 (explaining that the distance between Greece and the United States did not render the forum inconvenient because Greece was readily accessible by air travel).  Because the plaintiff has failed to rebut the presumption of enforceability, the mandatory forum selection clause will be enforced.

CONCLUSION

Defendants' April 30, 2010 motion to dismiss is granted.

The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         June 29, 2010

                                   _____
                                           DENISE COTE
                                   United States District Judge